Matthias, J.
 

 The question presented is whether the relator is entitled under the law to a temporary permit authorizing it to sell intoxicating liquor at retail as well as at wholesale. Relator contends that under the provisions of Section 15® of the Act of December 23, 1933 (Section
 
 6064-15a,
 
 General Code), it is entitled to a permit authorizing it to sell intoxicating liquor for home use, regardless of whether such sales are at wholesale or retail.
 

 Relator rests its claim to such temporary permit
 
 *515
 
 upon the fact that it is a holder of a class B permit heretofore issued by the Ohio Liquor Control Commission, and insists that the following portion of Section 15a requires the issuance to it of the temporary permit which it demands: “Upon the talcing effect of this act the state board of pharmacy shall issue to any wholesale distributor who is the holder of a Class B permit heretofore or hereafter issued by the ‘Ohio liquor control commission’ or by the department, or to any wholesale distributor * * a temporary permit to distribute and sell, or to sell, as the case may require, intoxicating liquor and alcohol until the expiration of sixty days after this act shall take effect.”
 

 The. omitted portions of the section specify others to whom such permit shall issue. The quoted portion, however, confers the right stated therein upon a wholesale distributor who under the 3.2 per cent beer law then held a class B permit. What is the right thus granted to a wholesale distributor? An answer to this question requires an interpretation of the above-quoted provision, which necessitates a consideration of the entire act. The very first section of the act defines the term “wholesale distributor,” and that definition is controlling. It is there stated that “wholesale distributor” and “distributor” “mean a person engaged in the business of selling to retail dealers for purposes of resale.” The word “person” is defined to include firms and corporations. In view of this specific definition of the term “wholesale distributor,” as used in this act, the court in the interpretation thereof would not be authorized to disregard such definition or to go beyond its provisions to determine the meaning of such term.
 

 If then we insert in the statute its own definition of “wholesale distributor” for'the term itself, the statute would then read: “The state board of pharmacy shall issue to any person engaged in the business' of selling to retail dealers for purposes of resale who is the
 
 *516
 
 holder of a class B permit heretofore or hereafter issued by the Ohio Liquor Control Commission or by the department, * * * a temporary permit to distribute and sell, or to sell,
 
 as the case may require,
 
 intoxicating liquor and alcohol.”
 

 The language employed evinces a clear purpose to confer upon the board of pharmacy the power to limit the temporary permit issued to a wholesale distributor to distribution to retailers and not to sell intoxicating liquor at retail. In construing a statute the legislative intent must be sought from the language employed in the entire act, and effect should be given to the evident purpose sought to be accomplished thereby. The purpose of the provision of the Liquor Control Act under consideration was to make a temporary provision for the distribution and sale of intoxicating liquor within the state during the sixty days or more required to establish state owned and operated liquor stores as provided for in the act. To accomplish that purpose, permits for distribution were authorized to be issued to distributors, and permits for sale at retail were limited to drug stores for the period designated.
 

 For the reasons stated the relator is not entitled to a permit authorizing it to sell intoxicating liquor at retail. Its prayer for a writ of mandamus compelling the issuance of such permit is therefore denied.
 

 Writ denied.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Bevis and Zimmerman, JJ., concur.